# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ELPIDIO ENRIQUEZ,

      Petitioner,

-vs-                             Case No.  8:02-CR-370-T-30MSS
                                                     8-05-CV-94-T-30MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

Petitioner, an inmate in a Federal penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2005),[1] and finds, for reasons set forth below,  that service of the motion is not required.

## Background

On or about September 17, 2002, Petitioner was a knowing and willing participant in the attempt to smuggle a multi-hundred kilogram shipment of cocaine on board a go-fast boat that had no markings or registration.  (CR Dkt. 3 at 14)  The Petitioner was a member of the crew of the go-fast boat, and the crew intended to deliver the cocaine that was on the boat to other persons.   The go-fast boat was traveling in the Eastern Pacific Ocean in international waters. *Id.*  When the crew of the go-fast boat spotted the United States Coast

---

[1]Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Guard and Navy vessels, the crew of the go-fast boat attempted to elude arrest by fleeing at a high rate of speed. *Id.* While fleeing, the persons on the go-fast boat threw bales containing cocaine overboard. *Id.* Ultimately, the go-fast boat was stopped, and the Petitioner and the other crew members were detained by the United States Coast Guard. *Id.* The boat on which the Petitioner was traveling was determined to be a vessel without nationality and, therefore, subject to the jurisdiction of the United States. *Id.*

Petitioner was indicted on September 19, 2002, for possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (Count One) and conspiracy to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine (Count Two).   Because Petitioner was indigent, on September 30, 2002  the Court appointed counsel to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (CR Dkt. 24).

On December 2, 2002, Petitioner, represented by counsel, appeared before a federal magistrate judge and, pursuant to a negotiated plea agreement, *see* CR Dkt. 31, entered a plea of guilty to Count One of the indictment (CR Dkt. 45).   Petitioner was sentenced on May 1, 2003, to serve a 135-month term of imprisonment followed by a 36-month term of supervised release (CR Dkt. 77), and the Government dismissed Count Two of the indictment (CR Dkt. 77).   The Eleventh Circuit Court of Appeals dismissed Petitioner's appeal based on the sentencing appeal waiver included in his plea agreement on October 1, 2003 (CR Dkt. 133).

Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on January 18, 2005.[2] In light of the holding in *Castro v. United States*, the Court may not convert a petitioner's document into a § 2255 application without a certain notice being given. 277 F.3d 1300, 1305 (11th Cir. 2002) (district court must apprize "all defendants of the circumstances that may impair or preserve their right to habeas review"). The Court entered an order consistent with the *Castro* decision, explaining to Petitioner that a motion filed pursuant to 28 U.S.C. § 2255 is generally the proper means to challenge the imposition or length of the detention that is the result of a criminal conviction and the application of the statutory provisions regarding successive petitions. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n.3 (11th Cir. 2003). The Court further explained that the law provides that an inmate convicted of a federal crime may not file a petition for habeas corpus unless the inmate can show that the remedies available under § 2255 are ineffective or unavailable. *See Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). Having been thus advised, Petitioner informed the Court that he wishes to proceed pursuant to § 2255 (CV Dkt. 8).

## Standard of Review

Title 28 U.S.C. § 2255 provides, in pertinent part, that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

[2] The § 2255 motion (CV Dkt. 1) and the Request for Mandatory Judicial Notice attached thereto were executed on December 6, 2004 (CV Dkt. 2). The documents were, however, mistakenly mailed to the United States Supreme Court, where they were received on December 14, 2004 (CV Dkt. 2). The documents were returned to Petitioner, and he mailed them to this Court on January 18, 2005. See Dkt. 1, envelope attached thereto. In this circuit, a § 2255 motion and documents related thereto are deemed "filed" when it is surrendered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988). Given the circumstances, the Court considers Petitioner's § 2255 motion filed on the date it was postmarked.

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA").  This law amended 28 U.S.C. §2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Applying the rules set out in AEDPA to Petitioner's motion, the Court finds that it does not survive the bar created by the one-year limitation period.

**Discussion**

The commencement of the one-year limitations period applicable to Petitioner's §
2255 motion was triggered by the expiration of the 90-day period for filing a petition for a
writ of *certiorari* with the United States Supreme Court.  *See Clay v. United States*, 537 U.S.
522, 532 (2003) (holding that "for federal criminal defendants who do not file a petition for
*certiorari* . . . on direct review, § 2255's one-year limitation period starts to run when the
time for seeking such review expires.").  *See also* Supreme Court Rule 13; *Close v. United
States*, 336 F.3d 1283 (11ᵗʰ Cir. 2003).  Thus, Petitioner's one year limitations period began
to run on December 29, 2003.  Absent equitable tolling, Petitioner had until December 29,
2004, to file his § 2255 motion.

As stated *supra*, Petitioner did not file his § 2255 motion until January 18, 2005,
clearly more than a year after his judgment of conviction was entered and the time for direct
appeal expired.  Thus, the Court finds that Petitioner's § 2255 motion is time barred, and
for reasons set forth *infra*, he has not established that he is entitled to equitable tolling of
the one-year limitation period.  Petitioner does not assert that one of the statutory
exceptions to the operation of the one-year limitations period is applicable to relieve him of
the consequences of his failure to file a timely § 2255 motion.  *See* 28 U.S.C. § 2255 ¶ 6.

The Eleventh Circuit has held that an extension of time in which to file a § 2255
motion is warranted only if extraordinary circumstances beyond a prisoner's control make
it impossible to file the motion on time.  *Sandvik v. United States*, 177 F.3d 1269, 1271-72
(11th Cir. 1999).  *See also Helton v. Sec.  for the Dept. of Corr.*, 259 F.3d 1310, 1314-15
(11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this
circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather

than the circumstances surrounding the underlying conviction" (citation omitted)).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence.  *See Diaz v. Secretary for the Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004).  In addressing whether a court should consider the merits of a request for federal habeas relief despite the time bar because the petitioner was unlearned in the law and unaware that there was a one-year limitations period for filing petitioner for federal habeas relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." *Towers v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (citing *McCoy v. Newsome,* 953 F.2d 1252 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990)).  Furthermore, Petitioner's limited knowledge of the English language is not considered an "extraordinary circumstance" which justifies equitable tolling of the limitations period, *see United States v. Montano*, 381 F.3d 1276, 1280 n.5 (11th Cir. 2004) (finding that a language barrier which prohibited petitioner from timely discovering a claim for collateral relief on his own was not a basis for equitable tolling of the limitations period), and his lack of familiarity with the judicial process is likewise unavailing, *see Helton v. Sec. Dep't of Corr.*, 259 F.3d 1310 (11th Cir. 2001). To the extent that actual innocence may be considered as an exception to the one-year limitation period, Petitioner does not assert a colorable claim of actual innocence.  Thus, the Court finds that Petitioner's § 2255 motion is time barred.  *See* 28 U.S.C. § 2255 ¶ 6.

**Conclusion**

For the foregoing reasons, the Court finds that the motion is subject to dismissal pursuant to the one-year limitations period applicable to § 2255 motions.  Because "it plainly appears from the face of the motion . . . and the prior proceedings in the case that the movant is not entitled to relief," the motion is subject to summary dismissal.  *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2004).

ACCORDINGLY, the Court **ORDERS** that:

1.     Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (Case No. 8-05-CV-94-T-30MAP, CV Dkt. 1) is **DENIED**.

2.     The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Parties of Record
SA:jsh/jd

S:\Even\2002\02-cr-370.Enriquez Order.wpd

-7-